UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME MITCHELL, CDCR #AL-1076, <br><br>                     Plaintiff, <br><br>        vs. <br><br> CDCR, SILVA, GALAVIZ, RAMIREZ, M. POLADIAN, <br><br>                  Defendants. | Case No.:  21-cv-01781-BAS-BLM <br><br> **ORDER:** <br><br> **1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 2);** <br><br> **2) DISMISSING COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

Plaintiff Jerome Mitchell ("Plaintiff" or "Mitchell") is currently incarcerated at California State Prison, Sacramento, located in Sacramento, California ("CSP-SAC"). Proceeding pro se, he has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.)  Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  (ECF No. 2.)

//

//

//

## I.      Request to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 85 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 85.

Plaintiff has submitted a Prison Certificate signed by a CSP-SAC Accounting Officer attesting as to his monthly balances and deposits.  (*See* ECF No. 2 at 4.)  These statements show: (1) Plaintiff had an average of $33.33 in monthly deposits to his account; (2) Plaintiff maintained an average balance of $7.27 in his account over the six month period preceding the filing of his current Complaint; and (3) Plaintiff had an available

1    balance of $10.00 to his credit at CSP-SAC as of October 6, 2021.  *See id.*; 28 U.S.C.

2    § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a

3    civil action or appealing a civil action or criminal judgment for the reason that the prisoner

4    has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 577 U.S.

5    at 85; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve"

6    preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to

7    the lack of funds available to him when payment is ordered").

8        Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and

9    assesses an initial partial filing fee of $6.66, pursuant to 28 U.S.C. Section 1915(b)(1)(A).

10   The Court directs the Secretary of the CDCR, or her designee, to collect this initial filing

11   fee only if sufficient funds are available in Plaintiff's account at the time this Order is

12   executed.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be

13   prohibited from bringing a civil action or appealing a civil action or criminal judgment for

14   the reason that the prisoner has no assets and no means by which to pay the initial partial

15   filing fee"); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C.

16   Section 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case

17   based solely on a "failure to pay . . . due to the lack of funds available to him when payment

18   is ordered").  The Court further directs the Secretary of the CDCR, or her designee, to

19   collect the remaining balance of the filing fees required by 28 U.S.C. Section 1914 and to

20   forward it to the Clerk of the Court pursuant to the installment payment provisions set forth

21   in 28 U.S.C. Section 1915(b)(1).

22

23   **II.    Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)**

24        A.    Standard of Review

25        Because Mitchell is a prisoner, his Complaint requires a pre-answer screening

26   pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b).  Under these statutes, the Court

27   must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, that is frivolous,

28   malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See*

1    *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C.

2    § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28

3    U.S.C. § 1915A(b)).  "The purpose of [screening] is 'to ensure that the targets of frivolous

4    or malicious suits need not bear the expense of responding.'"  *Nordstrom v. Ryan*, 762 F.3d

5    903, 920 n.1 (9th Cir. 2014) (citation omitted).

6          "The standard for determining whether a plaintiff has failed to state a claim upon

7    which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

8    Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d

9    1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir.

10   2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard

11   applied in the context of failure to state a claim under Federal Rule of Civil Procedure

12   12(b)(6)").  Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted

13   as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S.

14   662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

15         Detailed factual allegations are not required, but "[t]hreadbare recitals of the

16   elements of a cause of action, supported by mere conclusory statements, do not suffice."

17   *Iqbal*, 556 U.S. at 678.  "Determining whether a complaint states a plausible claim for relief

18   [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

19   experience and common sense."  *Id*.  The "mere possibility of misconduct" or "unadorned,

20   the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility

21   standard.  *Id*.; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

22         B.    42 U.S.C. § 1983

23         "Section 1983 creates a private right of action against individuals who, acting under

24   color of state law, violate federal constitutional or statutory rights."  *Devereaux v. Abbey*,

25   263 F.3d 1070, 1074 (9th Cir. 2001).  Section 1983 "is not itself a source of substantive

26   rights, but merely provides a method for vindicating federal rights elsewhere conferred."

27   *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citation

28   omitted).  "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a

1  right secured by the Constitution and laws of the United States, and (2) that the deprivation

2  was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*,

3  698 F.3d 1128, 1138 (9th Cir. 2012).

4          B.      Plaintiff's Factual Allegations

5          Mitchell filed a civil rights lawsuit pursuant to 42 U.S.C. § 1983 in this Court on

6  August 31, 2018, which was given case number 3:18-cv-02044-TWR-AGS. (Compl., ECF

7  No. 1 at 3; *see Mitchell v. Silva, et al.*, S.D. Cal. case no. 3:18-cv-02044-TWR-AGS.)  The

8  parties in that case reached a settlement agreement in December of 2020. (*See id.* at ECF

9  No. 75; Compl., ECF No. 1 at 8–11.)  Mitchell claims he was to receive a settlement in the

10 amount of $6,000 and that as part of settlement negotiations, he was told he had a restitution

11 order in the amount of $3,145.24, which he understood would have to be satisfied before

12 he could receive any settlement funds. (Compl., ECF No. 1 at 3.)  He alleges that when

13 the California Department of Corrections and Rehabilitation received the $6,000 settlement

14 check, the entire amount was used to satisfy another restitution order of which he was not

15 aware and which was not disclosed to him during settlement negotiations. (*Id.*)  According

16 to Mitchell, none of the $6,000 was used to satisfy the $3,145.24 restitution amount. (*Id.*)

17 Mitchell contends that the terms of the settlement agreement have been violated. (*Id.*)

18          C.      Discussion

19          Mitchell has not stated a § 1983 claim because his allegations do not plausibly allege

20 he has been deprived of a right secured by the Constitution. *Tsao*, 698 F.3d at 1138.; *Iqbal*,

21 556 U.S. at 678.  "Standing alone, a settlement agreement cannot serve as a substantive

22 basis for a § 1983 claim for relief because it does not create 'rights, privileges, or

23 immunities secured by the Constitution and [federal] laws.'" *Atwood v. Days*, No. CV 20-

24 00623-PHX-JAT (JZB), 2021 WL. 100860, at *7 (D. Ariz. Jan. 12, 2021) (quoting *Green*

25 *v. McKaskle*, 788 F.2d 1116, 1123–24 (5th Cir. 1986); *Klein v. Corda*, No. 3:09-cv-0387-

26 LRH-RAM, 2010 WL 2802740, at *2 (D. Nev. Jul 14, 2010) (stating that "[T]he violation

27 of a settlement agreement entered into in a civil rights action is not itself a separate civil

28 rights violation").  "Section 1983 provides a vehicle for plaintiffs to seek redress for

injuries to their own constitutional rights, not to enforce prophylactic measures or technical requirements of state law, policy, remedial decree, or settlement agreements." *Rader v. County of Placer*, No. 2:19-cv-1265 AC, 2021 WL 3662411, at *5 (E.D. Cal. Aug. 18, 2021); *see also Anderson v. Mendoza*, No. 2:17-cv-1244 KHM DB P, 2018 WL 6528429, at *6 (E.D. Cal. Dec. 12, 2018).   In any event, it appears from the documents Mitchell provides in support of his Complaint that as part of the settlement agreement, Mitchell was told that "CDCR is obligated by California Penal Code section 2085.8 to collect any amounts owed by a prisoner under a restitution or fine order . . . ."  (Compl., ECF No. 1 at 8.)

## II.   Conclusion and Order

For the foregoing reasons, the Court issues the following Order:

1)   The Court **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2)   The Court **DIRECTS** the Secretary of the CDCR or her designee, to collect from Mitchell's inmate trust account the $6.66 initial filing fee assessed in this Order if those fees are available in Plaintiff's account and to thereafter garnish whatever remains of the $350 filing fee owed in this case by garnishing monthly payments in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3)   The Court **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, or in the alternative by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4)   The Court **DISMISSES** the Complaint **WITHOUT PREJUDICE** for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).  To

1    have the case reopened, Plaintiff must, no later than **January 4, 2022**, file a First Amended

2    Complaint that cures the pleading deficiency outlined in this Order.

3

4          **IT IS SO ORDERED**.

5

6    **Dated: November 9, 2021**

7                                                    Hon. Cynthia A. Bashant
                                                     United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28